PeaesoN J.
The only ground upon which the plaintiff’s equity can be put, is that fraud was practiced upon the commissioners and their certificate obtained by perjuiy.
The defendant, Drury Lovengood, who is the party enjoined and the defendant, G. W. Lovengood, under whom he claims, both answer, fully denying the allegations of the bill, so far as they have any knowledge, information or belief. They say they have no reason to believe that any fraud was practiced upon the commissioners, or that perjury was committed by the other defendant, Carden, in order to obtain the certificate. On the contrary, they believe the certificate was regularly awarded after a fair investigation, and acting under this belief, the defendant, G. W. Lovengood, purchased the land for a valuable consideration, and conveyed it to the other defendant, Drury : So in this stage of the proceedings, these defendants are to be considered as purchasers for valuable' *302 considerations, without notice ; of course the injunction ought to have been dissolved, unless there is something in the objection that the motion to dissolve, could not be entertained until theother defendants had answered. In regard to this, we refer to Wilson v. Hendricks, (ante 295) decided at this term. If the answers of the Cardens’ were on file, and if they therein should admit that they had sworn falsely in order to obtain the certificate (which supposition is not very probable) still their answers could not be read as evidence against the defendant, Drury Lovengood, who is the party enjoined. Therefore the fact that they had not answered can be no ground for refusing to entertain this motion to dissolve the injunction.
Judgment affirmed.